1

2

3

4

5

6

7

8 **UNITED STATES DISTRICT COURT**

9 **SOUTHERN DISTRICT OF CALIFORNIA**

10

11 MICHAEL WILKERSON,                                          Civil No.    08cv0857-WQH (PCL)

12                                              Petitioner,

13                          v.                               **ORDER DISMISSING CASE**
                                                             **WITHOUT PREJUDICE**
14 DONOVAN STATE PRISON, et al.,

15                                              Respondents.

16

17          Petitioner, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas

18 Corpus pursuant to 28 U.S.C. § 2254, but has failed to pay the $5.00 filing fee and has failed to

19 move to proceed in forma pauperis.    In addition, Petitioner has failed to name a proper

20 Respondent and has failed to submit the Petition on a proper form as required by the Local Rules

21 of the Southern District of California.

22                    **FAILURE TO SATISFY FILING FEE REQUIREMENT**

23          Because this Court cannot proceed until Petitioner has either paid the $5.00 filing fee or

24 qualified to proceed in forma pauperis, the Court **DISMISSES** the case without prejudice. See

25 Rule 3(a), 28 U.S.C. foll. § 2254. If Petitioner wishes to proceed with this case, he must submit,

26 **no later than July 14, 2008,** a copy of this Order with the $5.00 fee or with adequate proof of

27 his inability to pay the fee. The Clerk of Court shall send a blank Southern District of California

28 In Forma Pauperis Application to Petitioner along with a copy of this Order.

1

## **FAILURE TO NAME PROPER RESPONDENT**

2          In addition, review of the Petition reveals that Petitioner has failed to name a proper

3  respondent.  On federal habeas, a state prisoner must name the state officer having custody of

4  him as the respondent.  Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule

5  2(a), 28 U.S.C. foll. § 2254).  "Typically, that person is the warden of the facility in which the

6  petitioner is incarcerated."  Id.  Federal courts lack personal jurisdiction when a habeas petition

7  fails to name a proper respondent.  See id.

8          The warden is the typical respondent.  However, "the rules following section 2254 do not

9  specify the warden."  Id.  "[T]he 'state officer having custody' may be 'either the warden of the

10  institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal

11  institutions.'"  Id. (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note).  If "a

12  petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall

13  be the state officer who has official custody of the petitioner (for example, the warden of the

14  prison).'"  Id. (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

15          Here, Petitioner has incorrectly named "Donovan State Prison and San Diego Sheriff

16  Department" as Respondents.  In order for this Court to entertain the Petition filed in this action,

17  Petitioner must name the warden in charge of the state correctional facility in which Petitioner

18  is presently confined or the Director of the California Department of Corrections and

19  Rehabilitation.  Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

20

## **FAILURE TO USE PROPER FORM**

21          Additionally, a Petition for Writ of Habeas Corpus must be submitted in accordance with

22  the Local Rules of the United States District Court for the Southern District of California.  See

23  Rule 2(d), 28 U.S.C. foll. § 2254.  In order to comply with the Local Rules, the petition must be

24  submitted upon a court-approved form and in accordance with the instructions approved by the

25  Court.  Id.; S. D. CAL. CIVLR HC.2(b).  Presently, Petitioner has submitted an application for writ

26  of habeas corpus on a non-approved form.

27  / / /

28  / / /

1

**<u>CONCLUSION AND ORDER</u>**

2          Accordingly, the Court **DISMISSES** the Petition without prejudice due to Petitioner's

3 failure to satisfy the filing fee requirement, failure to name a proper respondent and failure to

4 use a court-approved form.  To have this case reopened, Petitioner must satisfy the filing fee

5 requirement <u>and</u> file a First Amended Petition no later than July 14, 2008 in conformance with

6 this Order.  The Clerk of Court shall send Petitioner a blank petition form and a blank in forma

7 pauperis application along with a copy of this Order.

8          **IT IS SO ORDERED.**

9

DATED:  May 16, 2008

10

11                                            **WILLIAM Q. HAYES**
                                                United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28