1

2

3

4

5

6

7

8

9

10

FILED

2008 JUL 16 PM 4: 23

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____αω_____DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 11  MICHAEL WILKERSON, | Civil No.   08cv0857-WQH (PCL) |
| 12                                       Petitioner, | |
| 13                 v. | **ORDER:** |
| 14  ROBERT HORELL, Warden, | **(1) GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS; AND,** |
| 15 | |
| 16                                       Respondent. | **(2) NOTIFYING PETITIONER OF OPTIONS TO AVOID DISMISSAL** |

17

18        On May 12, 2008, Petitioner, a state prisoner proceeding pro se, submitted a Petition for

19   a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, but did not pay the filing fee nor submit

20   a request to proceed in forma pauperis.  On May 16, 2008, the Court dismissed the Petition for

21   failing to satisfy the filing fee.  The Court also dismissed the Petition because Petitioner had

22   failed to name a proper Respondent and had failed to use a court-approved form.  Petitioner was

23   instructed that if he wished to proceed with this matter, he must satisfy the filing fee requirement

24   and file a First Amended Petition on or before July 14, 2008.  Petitioner has now filed an

25   application to proceed in forma pauperis and a First Amended Petition.

26        Petitioner has no funds on account at the California correctional institution in which he

27   is presently confined.  Petitioner cannot afford the $5.00 filing fee.  Thus, the Court **GRANTS**

28   Petitioner's application to proceed in forma pauperis, and allows Petitioner to prosecute the

K:\COMMON\EVERYONE\_EFILE-PROSE\WQH\08cv0857-Grant&Options.wpd, 7148

-1-

08cv0857

1  above-referenced action as a poor person without being required to prepay fees or costs and

2  without being required to post security.

3  However, a review of the First Amended Petition reveals that Petitioner has failed to

4  allege exhaustion of his state court remedies with respect to claim two. Rather, Petitioner states

5  that he has not presented claim two to the state supreme court. (See First Amended Petition at

6  7.)  The exhaustion requirement is satisfied by providing the state courts with a "fair

7  opportunity" to rule on Petitioner's constitutional claims. Anderson v. Harless, 459 U.S. 4, 6

8  (1982). In most instances, a claim is exhausted once it is presented to a state's highest court,

9  either on direct appeal or through state collateral proceedings.[1] See Sandgathe v. Maass, 314

10  F.3d 371, 376 (9th Cir. 2002). The constitutional claim raised in the federal proceedings must

11  be the same as that raised in the state proceedings. See id.

12  Having preliminarily determined the First Amended Petition contains an unexhausted

13  claim, the Court notifies Petitioner of the possible dismissal of his petition.

14  **2. PETITIONER'S OPTIONS**

15  To avoid the Court dismissing the First Amended Petition on its own accord, Petitioner

16  may choose one of the following options.

17  **i)  First Option:  Demonstrate Exhaustion**

18  Petitioner may file further papers with this Court to demonstrate that he has in fact

19  exhausted claim two. If Petitioner chooses this option, his papers are due no later than **August**

20  **25, 2008**.

21  **ii)  Second Option:  Voluntarily Dismiss the Petition**

22  Petitioner may move to voluntarily dismiss his entire federal petition and return to state

23  court to exhaust his unexhausted claim.  Petitioner may then file a new federal petition

24

25
_____
[1]  28 U.S.C. § 2254 (b)(1)-(2) states:
26  (b) (1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the
judgment of a State court shall not be granted unless it appears that -
27          (A) the applicant has exhausted the remedies available in the courts of the State; or
           (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that
28          render such process ineffective to protect the rights of the applicant.
   (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure
   to the applicant to exhaust the remedies available in the courts of the State.

1  containing only exhausted claims. See Rose, 455 U.S. at 510, 520-21 (stating that a petitioner

2  who files a mixed petition may dismiss his petition to "return[] to state court to exhaust his

3  claims"). If Petitioner chooses this second option, he must file a pleading with this Court no

4  later than **August 25, 2008**.

5        Petitioner is cautioned that any new federal petition must be filed before expiration of the

6  one-year statute of limitations. Ordinarily, a petitioner has one year from when his conviction

7  became final to file his federal petition, unless he can show that statutory or equitable "tolling"

8  applies. Duncan v. Walker, 533 U.S. 167, 176 (2001); 28 U.S.C. § 2244(d).[2] Filing a petition

9  in federal court does not stop the statute of limitations from running. Id. at 181-82; Frye v.

10  Hickman, 273 F.3d 1144, 1145-46 (9th Cir. 2001); 28 U.S.C. § 2244(d).

11  **iii) Third Option: Formally Abandon Unexhausted Claim**

12        Petitioner may formally abandon his unexhausted claim and proceed with his exhausted

13  one. See Rose, 455 U.S. at 510, 520-21 (stating that a petitioner who files a mixed petition may

14  "resubmit[] the habeas petition to present only exhausted claims"). If Petitioner chooses this

15  third option, he must file a pleading with this Court no later than **August 25, 2008**.

16        Petitioner is cautioned that once he abandons his unexhausted claim, he may lose the

17  ability to ever raise it in federal court. See Slack v. McDaniel, 529 U.S. 473, 488 (2000) (stating

18  that a court's ruling on the merits of claims presented in a first § 2254 petition renders any later

19

20

21

22  [2] 28 U.S.C. § 2244 (d) provides:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

23     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

24     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by

25  such State action;
   (C) the date on which the constitutional right asserted was initially recognized by the Supreme

26  Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

27     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgement or claim is pending shall not be counted toward any period of limitation under this subsection.

1 | petition successive); see also 28 U.S.C. § 2244 (a)-(b).[3]

2 | **iv) Fourth Option: File a Motion to Stay the Federal Proceedings**

3 | Petitioner may file a motion to stay this federal proceeding while he returns to state court

4 | to exhaust his unexhausted claim(s). Rhines v. Webber, 544 U.S. 269 (2005); Jackson v. Roe,

5 | 425 F.3d 654 (9th Cir. 2005). Petitioner is notified that in order to be permitted to utilize the

6 | stay and abeyance procedure, he must demonstrate there are arguably meritorious claims which

7 | he wishes to return to state court to exhaust, that he is diligently pursuing his state court remedies

8 | with respect to those claims, and show good cause for his failure to time exhaust his state court

9 | remedies. Jackson, 425 F.3d at 661; Anthony v. Cambra, 236 F.3d 568, 575 (9th Cir. 2000).

10 | If Petitioner chooses this fourth option, he must file a pleading with this Court no later than

11 | **August 25, 2008**.

12 | **3. CONCLUSION**

13 | The Court **NOTIFIES PETITIONER THAT HE HAS FILED A PETITION THAT**

14 | **CONTAINS BOTH EXHAUSTED AND UNEXHAUSTED CLAIMS AND IT IS**

15 | **THEREFORE SUBJECT TO DISMISSAL**. If Petitioner fails to respond to this Order, the

16 | Court will dismiss the First Amended Petition without prejudice.[4] See Rose, 455 U.S. at 522.

17 | **IT IS SO ORDERED.**

18 | DATED: _____7/11/08_____ _____

19 | William Q. Hayes
United States District Judge

20 | Copies to:   ALL PARTIES

21 |

22 |

23 |

24 | [3] 28 U.S.C. § 2244(b)(2) provides that a claim presented in a second or successive habeas corpus application under § 2254 shall be dismissed unless:

25 | (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
(B) (i) the factual predicate for the claim could not have been discovered previously through the exercise

26 | of due diligence; and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be

27 | sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 | [4] Although the dismissal is "without prejudice," Petitioner is again cautioned that any later federal petition may be barred by the statute of limitations. See 28 U.S.C. § 2244(d)(1)-(2); see also footnote two of this Order.

K:\COMMON\EVERYONE\_EFILE-PROSE\WQH\08cv0857-Grant&Options.wpd, 7148

-4-

08cv0857