IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MICHAEL WILKERSON,**<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>**ROBERT HORRELL, Warden,**<br><br>　　　　　　　　　　Defendants. | 08cv857 WQH (PCL)<br><br>**REPORT AND RECOMMENDATION ON PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**(Doc No. 3)** |

**I.**

**INTRODUCTION**

Petitioner Michael Wilkerson ("Petitioner"), a state prisoner, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging a conviction following a jury trial in state court.[1] Petitioner presents two issues: (1) ineffectiveness of counsel; and (2) unfairness of the trial proceedings. This case is before the undersigned Magistrate Judge pursuant to S.D. Cal. Civ. R. 72.1(c)(1)(c) for Proposed Findings of Fact and Recommendation for Disposition. For the reasons set forth below, the Court respectfully recommends that the petition be DISMISSED.

//

//

---

1. Petitioner has not set forth a date or any specification regarding the formal charges of which he was convicted.

## II.

## BACKGROUND

Petitioner is a California prisoner currently incarcerated at Donovan Correctional Facility in San Diego, California. (Doc. No. 3 Pet. at 1.) Petitioner appears to be serving a prison term of 57 years for "sex with a minor and drug convictions by using a minor to sell drugs and assault on a spouse." (Doc. No. 3 Pet. at 2.) Petitioner alleges counsel during trial failed to present an argument in Petitioner's defense based on a psychiatric report and a failure to locate Petitioner's Social Security number by the Social Security Administration. (Id.) Additionally, Petitioner alleges that the prosecutor during trial failed to disclose pertinent evidence and that the trial judge was impartial to the proceedings. (Id.)

On May 12, 2008, Petitioner filed a Petition for Writ of Habeas Corpus but did not pay the filing fee nor submit a request to proceed *in forma pauperis*. (Doc. No. 1.) On May 16, 2008, the Court dismissed the Petition because Petitioner had failed to name a proper respondent and had also failed to use a court-approved form. (Doc. No. 2.) Petitioner then filed an application to proceed *in forma pauperis* and a First Amended Petition (hereinafter "FAP") on July 10, 2008. (Doc. No. 3.) On July 16, 2008, the Court issued an Order granting Petitioner's application to proceed *in forma pauperis* and notifying Petitioner of his options to avoid dismissal of the Petition. (Doc. No. 5.) Specifically, Petitioner's FAP contains two claims, one of which is unexhausted. (Id. at 2.) The Order details Petitioner's options to avoid dismissal of his current Petition which include demonstrating exhaustion, voluntarily dismissing the Petition, formally abandoning the unexhausted claim or filing a motion to stay the proceedings while he returns to state court to exhaust. (Id. at 2-4.) Moreover, Petitioner was instructed to file any pleadings in accordance with these options by August 25, 2008. (Id. at 3.) Petitioner failed to file any additional pleadings with the Court. He did, however, submit a series of handwritten, ex-parte communications which are incoherent and from which it is difficult to ascertain what Petitioner is requesting. (See Doc. Nos. 8, 11, 14.)

//
//
//

### III.

### DISCUSSION

Prisoners in state custody who wish to challenge either the fact or length of their confinement in federal court by a Petition for Writ of Habeas Corpus are first required to exhaust state judicial remedies, either on direct appeal of the conviction itself or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue they seek to raise in federal court. 28 U.S.C. § 2254(b), (c); Granberry v. Greer, 481 U.S. 129, 133-34 (1987).  Moreover, Petitioner has the burden of pleading exhaustion in his habeas Petition.  See Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981).

Petitioner has not done so.  Overall, the Petition is difficult to read and to the extent it is legible, it does not present a coherent explanation of Petitioner's claims.  However, it is clear from the information set forth in the Petition that Petitioner has made no attempt to exhaust his state court remedies.  (See Doc. No. 3 FAP at 7.)  Petitioner declares he did not raise Ground 2 in the California Supreme Court and provides no explanation as to why this is the case.  (Id.)  He must present his claims concerning his trial and subsequent conviction to the California Supreme Court and give that court an opportunity to rule on his claims before presenting these claims in a federal habeas petition.  Therefore, this Petition must be DISMISSED as unexhausted.

### V.

### CONCLUSION

The Court submits this Report and Recommendation to United States Chief District Judge William Q. Hayes under 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1(c)(1)(c) of the United States District Court for the Southern District of California. For the reasons outlined above, **IT IS HEREBY RECOMMENDED** that the Court issue an Order:  (1) approving and adopting this Report and Recommendation, and (2) directing that Judgment be entered dismissing the Petition.

//

//

1     **IT IS ORDERED** that no later than **December 31, 2008** any party to this action may file

2 written objections with the Court and serve a copy on all parties.  The document should be

3 captioned "Objections to Report and Recommendation."

4     **IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court

5 and served on all parties no later than **January 14, 2009**.  The parties are advised that failure to

6 file objections within the specified time may waive the right to raise those objections on appeal

7 of the Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*,

8 951 F.2d 1153, 1156 (9th Cir. 1991).

9     **IT IS SO ORDERED**.

10 DATED: December 10, 2008

11

12                                     Peter C. Lewis
                                    U.S. Magistrate Judge
                                    United States District Court

13

14

15 cc:  The Honorable William Q. Hayes
      All Counsel of Record

16

17

18

19

20

21

22

23

24

25

26

27

28